**Nadia YOUKELSONE, Appellant**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver of Washington Mutual Bank, Appellee.**

**Nos. 13–5052, 13–7014.**

United States Court of Appeals, District of Columbia Circuit.

March 28, 2014.

Nadia Youkelsone, Seldon, NY, pro se.

Lori Jean Searcy, Searcy Business Litigation & Employment Law, Springfield, VA, Alesia Nicole Black, Colleen Joy Boles, Kathryn Ryan Norcross, Jaclyn Chait Taner, Federal Deposit Insurance Corporation, Arlington, VA, for Defendant–Appellee.

Before: HENDERSON and WILKINS, Circuit Judges, and SENTELLE, Senior Circuit Judge.

***JUDGMENT***

PER CURIAM.

These appeals were considered upon the briefs of the parties and the record from the district court. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the judgment of the district court is affirmed.

Nadia Youkelsone appeals the district court's dismissal of her related actions against the Federal Deposit Insurance Corporation (FDIC) and the Federal National Mortgage Association (Fannie Mae). In separate actions, consolidated on appeal, Youkelsone charged the FDIC—acting as receiver for Washington Mutual Bank—and Fannie Mae with myriad wrongdoing in connection with the foreclosure of her two-family dwelling in Brooklyn, New York. Both actions were dismissed as time-barred by the relevant statutes of limitations, which were chosen on the basis of District of Columbia choice-of-law rules.

On appeal, Youkelsone contends that the district court erred by applying D.C. choice-of-law rules, as opposed to applying "principles of federal law," in determining the statutes of limitations applicable to her state-law claims. We disagree.

Youkelsone first asserts that because claims against the FDIC as a receiver are "deemed" to arise under the laws of the

United States pursuant to 12 U.S.C. § 1819(b)(2), they thereby raise federal questions. This simply is not the case. For a case to raise a federal question within the scope 28 U.S.C. § 1331, it must implicate some provision of substantive federal law; Youkelsone's state-law tort and contract actions do not. *See A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1459–60 (D.C.Cir. 1995).

Nor do federal choice-of-law principles apply by virtue of the fact that the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA) delimits jurisdiction over FDIC-receiver cases to a federal forum. *See* 12 U.S.C. § 1821(d)(6)(A)(ii); *see also Auction Co. of Am. v. FDIC*, 141 F.3d 1198, 1200 (D.C.Cir.1998). Even where concurrent jurisdiction is displaced, the simple extension of federal jurisdiction does not create a federal question, and "a federal court applies state law when it decides an issue not addressed by federal law, regardless of the source" of federal jurisdiction. *See A.I. Trade*, 62 F.3d at 1463.

With no reason to apply federal choice-of-law principles, the district court correctly applied D.C. principles, pursuant to which the forum's statutes apply. D.C.Code § 12–301 provides a limitations period of three years for all of Youkelsone's state-law claims. D.C. law further provides that claims accrue from the time of reasonable discovery. Therefore, the district court appropriately dismissed Youkelsone's actions as time-barred. The latest they accrued was in 2004. She did not file until nearly five years later—almost two years too late.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc.* *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41.